**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3614-15T4

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

v.

L.C.,

    Defendant-Appellant.

_____

IN THE MATTER OF THE GUARDIANSHIP
OF T.L.M., a minor.

_____

        Submitted March 30, 2017 - Decided  April 7, 2017

        Before Judges Lihotz and Hoffman.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Camden County,
        Docket No. FG-04-116-16.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Diana S. Yu, Designated
        Counsel, on the brief).

        Christopher S. Porrino, Attorney General,
        attorney for respondent (Melissa Dutton-
        Schaffer, Assistant Attorney General, of
        counsel; Laura A. Dwyer, Deputy Attorney
        General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (David Valentin, Assistant Deputy Public Defender, on the brief).

PER CURIAM

We examine challenges to an April 14, 2016 Family Part judgment terminating the parental rights of defendant L.C. and awarding plaintiff, the Division of Child Protection and Permanency (the Division), guardianship to effectuate the adoption of three-year-old T.L.M. The judgment also terminated the parental rights of the child's father J.M., noting he executed an identified surrender to allow the child's adoption by relatives in California, on March 1, 2016, from which he has not filed an appeal. Defendant seeks reversal, arguing the Division failed to present clear and convincing evidence to sustain the judgment terminating her parental rights. More specifically, defendant admits her drug abuse caused T.L.M.'s removal, but maintains she made significant strides to overcome that harm, which the judge ignored; the Division declined to extend in-patient drug treatment program services in the Mommy and Me program, which defendant requested; and termination of parental rights would cause the child to suffer more harm than good.

The scope of this court's review of a trial court's decision to terminate parental rights is limited. In re Guardianship of

J.N.H., 172 N.J. 440, 472 (2002).  We are obliged to accord deference to the trial judge's factual findings and credibility determinations respecting the judge's feel of the case based upon the opportunity to see and hear the witnesses.  Cesare v. Cesare, 154 N.J. 394, 411-12 (1998); N.J. Div. of Youth & Family Servs. v. F.M., 375 N.J. Super. 235, 259 (App. Div. 2005).  Reversal is required only in those circumstances when the stated findings are "so wide of the mark that a mistake must have been made."  N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (quoting Snyder Realty, Inc. v. BMW of N. Am., Inc., 233 N.J. Super. 65, 69 (App. Div.), certif. denied, 117 N.J. 165 (1989)).

We have considered each of L.C.'s arguments in the context of the record and the applicable law.  We affirm substantially for the reasons expressed in the thorough and extensive oral opinion issued by Judge Francine I. Axelrad at the close of evidence on April 14, 2016.  R. 2:11-3(e)(1)(A).  We repeat our prior determination:

> "[C]oncern has arisen for the best interests of children whose parents have forsaken their parental duties." N.J. Div. of Youth & Family Servs. v. P.P., 180 N.J. 494, 505 (2004) (citations omitted).  The emphasis of the federal Adoption and Safe Families Act of 1997 (ASFA), Pub. L. No. 105-89, 111 Stat. 2115 (codified as amendments in sections of 42 U.S.C.A.) "has shifted from protracted efforts for reunification with a birth parent to an expeditious, permanent

placement to promote the child's well-being."
N.J. Div. of Youth & Family Servs. v. C.S.,
367 N.J. Super. 76, 111 (App. Div.), certif.
denied, 180 N.J. 456 (2004); see N.J.S.A.
30:4C-15.

In our view, parents dabbling with
addictive substances must accept the mandate
to eliminate all substance abuse. Such
unabated behavior initiates the foster care
placement of their children and causes
continuing harm by depriving their children
of necessary stability and permanency. See
P.P., supra, 180 N.J. at 510; [In re
Guardianship of] K.H.O., 161 N.J. [337,] 354
[(1999)].

[N.J. Div. of Youth & Family Servs. v. T.S.,
417 N.J. Super. 228, 245 (App. Div. 2010).]

Here, ample credible evidence demonstrated reunification could not be achieved because defendant failed to remain substance free, and the extensive delay caused significant harm to the child, who did not have a safe, permanent home, satisfying N.J.S.A. 30:4C-15.1(a)(1), (2). Judge Axelrad detailed the drug abuse treatment services extended to defendant by the Division, which began in 2009, long before this child's birth, satisfying N.J.S.A. 30:4C-15.1(a)(3). Despite a myriad of treatment programs, her chronic, illicit drug use persisted. In February 2016, defendant was actively abusing drugs, when she requested to be placed in the adult residential "Mommy and Me" treatment program accompanied by T.L.M. The program, which was extended to parents moving toward reunification with their children, had a waiting list. Defendant

repeatedly refused to engage in a higher treatment level of care provided by an adult inpatient facility other than Mommy and Me. Accordingly, the Division determined T.L.M., who had been in placement for nineteen months, needed permanency. Therefore, the Division redirected its efforts toward securing the child's adoption, after concluding defendant's conduct demonstrated she was not committed to rehabilitation to effect reunification. Finally, the judge credited unrefuted expert testimony that T.L.M. had an insecure attachment with defendant, such that severing the relationship will not cause severe and enduring harm. N.J.S.A. 30:4C-15.1(a)(4).

"A child is not chattel in which a parent has an untempered property right" and should not "be held prisoner of the rights of others, even those of his or her parents." C.S., supra, 367 N.J. Super. at 110-11. The record substantially supports the findings by Judge Axelrad that the evidence clearly and convincingly established termination of parental rights was in T.L.M.'s best interests. N.J.S.A. 30:4C-15.1(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3614-15T4